## THOMAS V. COMMISSIONERS OF BEADLE COUNTY.

If Sections 2474, 2475, Comp. Laws, confer any rights upon honorably dis-
charged soldiers of the late war, in appointment to office, not common
to all legal voters in general, the fact that the applicant for appoint-
ment was an honorably discharged soldier of the late war must be made
known to the appointing power at the time and place of appointment.
If not, the appointing power has a right to treat all applicants as stand-
ing on an equal footing before the law, and a choice made by it, under
such circumstances, must be considered binding.

(Syllabus by the Court.    Argued Oct 29, 1890.    Opinion filed Jan. 5, 1891.)

Appeal from circuit court, Beadle county. Hon. A. W.
CAMPBELL, Judge.

The material facts and the nature of the proceedings are
fully stated in the opinion.

*A. B. Melville* for appellant.

The applicant as an honorably discharged soldier was en-
titled to the appointment, and it was the duty of respondents
to appoint him. § 1, Chap. 205, Laws of 1887; Bonv. Law
Dict. 459; Parker v. United States, 1 Pet. 293.

*Mandamus* was appellant's proper remedy. Sullivan v.
Gilroy, 8 N. Y. Sup. 401; Howard v. Marshall, 9 Md. 83; Wer-
ner v. Meyers, 4 Ore. 72; Dew v. Judger, 3 Am. Dec. 639;
Crowell v. Lambert, 10 Minn. 369.

*E. H. Aplin* for respondents.

*Mandamus* is not appellant's proper remedy, for the reas-
on that the appointing board had discretionary power and
acted in a judicial capacity. People v. Little Falls, 8 N. Y.
Sup. 512; People v. Bardin, 8 N. Y. Sup. 960; U. S. v, Sea-
man 58 U. S. 226; Cox v. McGarahan, 9 Wall, 579; *Ex parte*
Burtis, 103 U. S. 392; U. S. v. Lawrence, 3 Dall. 502; Ins. Co.
v. Wilson, 8 Pet. 949; *Ex parte* Railroad, 72 U. S. 676; *Ex parte*
Newman, 81 U. J. 877; *Ex parte* Flippin, 94 U. S. 194; *Ex parte*
Bassett, 2 Cow. 458; *Ex parte* Benson, 7 Cow. 363; Hull v. Su-
pervisors, 19 Johns. 259; Clark v. Board, 24 Ia. 266; People v.
Leonard, 74 N. Y. 443; Francis v. Common Council, 78 N. Y.
33; High Ex Leg. Rem. § 42.

BENNETT, J.   This was an application of plaintiff, E. M.

Thomas, for a writ of *mandamus* to compel the county commissioners of the county of Beadle to appoint him auditor of said county. The matter coming on to be heard on the 4th day of April, 1890, it was ordered by the court that the application be dismissed, and the peremptory writ prayed for be denied. From this order dismissing the application and denying the writ, an appeal was taken, and perfected. From the record, it appears that on or about the 1st day of January, 1889, the office of county auditor was created in and for the county of Beadle, in due form of law. Up to the 9th day of January, 1889, no incumbent had been elected or appointed to fill the office or perform the duties of the same. On that day, the appointing board of the county was duly organized, as provided by Chapter 10 of the Session Laws of 1887. Two applicants appeared before the board, seeking the appointment,—C. O. Morgan, and E. M. Thomas, the plaintiff. Upon consideration of the applications, the board appointed C. O. Morgan to fill the office of county auditor It is now claimed by the appellant that this appointment was entirely void and that the office is vacant; and he asks the court by *mandamus* to appoint him, the said E. M. Thomas, to the place in said office. The right of the applicant is based solely upon the provisions of Chapter 205, § 1, Laws 1887, (Sections 2474, 2475, Comp. Laws,) which read as follows: "In every public department, and upon all public works, of the Territory of Dakota, and of the cities, towns, and villages thereof, honorably discharged Union soldiers and sailors of the late war shall be preferred for appointment. Age, loss of limb, or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the requisite qualifications, and business capacity, necessary to discharge the duties of the position involved. All officials, or other appointing power, in the public service, as set forth in the Section 2474, are firmly bound to a faithful compliance with this law." The petition for *mandamus* states that the applicant is over twenty-one years of age, and a resident of Beadle county, and has been so for over three years; that in 1864 he enlisted in Company G,

Fifty-second regiment of Illinois volunteer infantry, and on the 6th day of July, 1865, he was honorably discharged; that he was an honorably discharged soldier on the day he made application, before the appointing board of Beadle county, for the office of auditor, and he was not physically incapacitated to fill that office, and had, and now has, the requisite qualifications, and business capacity, necessary to discharge its duties; that C. O. Morgan, the person appointed by said board, was not an honorably discharged Union soldier and had never served as such soldier.

It is not necessary for us to consider either of the questions raised by the appellant, viz., the construction of the statute above cited, or the remedy to be purchased, because, conceding the remedy as followed by the appellant to be the correct one, his petition is fatally defective, in not alleging that the appointing board had knowledge of the fact that plaintiff was an honorably discharged soldier, or that this fact was brought to their attention in any way, at the time the appointment was made. If the statute means anything, or confers any right not common to all citizens in general, it is because of the fact that the applicant was an "honorably discharged soldier of the late war," and was not physically impaired, and possessed all the necssary qualifications and business capacity to discharge the duties of the office. If the attention of the appointing board was not called to that fact, in some positive and direct manner, at the time it was legally acting on the appointment, it had the right to treat all applicants as standing on an equal footing before the law; and a choice made by it, under such circumstances, must be considered binding. When a statute confers the authority in itself in what manner a party shall be entitled to take advantage of it, he must avail himself of it at the proper time, and in the form and manner prescribed. This is an old and elementary rule. The petition failing to show that this was done in the case at bar, the decision of the court below in denying the peremptory writ of *mandamus* is affirmed. All the judges concurring.